Nos. 24-9519 AND 24-9521

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

---

CEDAR SPRINGS HOSPITAL, INC./ UHS OF DELAWARE, INC., doing
business as CEDAR SPRINGS HOSPITAL
Petitioners-Appellants,

v.

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION
and SECRETARY OF LABOR,
Respondents-Appellees.

_____

**ASSENTED-TO MOTION OF PETITIONER-APPELLANT UHS OF DELAWARE, INC. TO POSTPONE ORAL ARGUMENT AND TO SET ORAL ARGUMENT ON NOS. 24-9519 AND 24-9521 FOR THE SAME DAY AND TIME**

_____

Petitioner-Appellant UHS of Delaware, Inc. ("UHS-DE") hereby moves to postpone oral argument in the matter of Nos. 24-9519 and to request that this Court schedule oral argument in Nos. 24-9519 and 24-9521 for the same day and time in the summer/fall 2025. This motion is brought with the assent of all parties, specifically, the Secretary of Labor ("Secretary"), and Cedar Springs Hospital, Inc. ("Cedar Springs Hospital").

In support of this motion, undersigned counsel states as follows:

1

1. This motion is timely under Fed. R. App. P. Rule 34 (b) and 10th Circuit Rule 34.1 (A)(3) because this request for postponement is filed more than twenty days prior to the oral argument recently set in No. 24-9519 for May 14, 2025. See Docket Entry #40.

2. UHS-DE seeks this postponement as the current date for oral argument (May 14, 2025) is in the middle of what is expected to be a three-week jury trial that undersigned counsel is committed to in another matter (Arthur O'Neil v. Union Carbide Corporation, Middlesex County (Massachusetts) Superior Court Civil Action No. 2022-4347).

3. UHS-DE believes that this conflict is the kind of extraordinary circumstance under 10th Circuit Rule 34.1 (A)(3) that warrants the Court's consideration of postponement of the oral argument.

4. Pursuant to 10th Circuit Rule 34.1 (A)(3), prior to filing this motion, undersigned counsel has communicated with counsel for both Cedar Springs Hospital and the Secretary to disclose the scheduling conflict, declare UHS-DE's intention to file a motion to postpone oral argument, and obtain the position of each. Each has assented to UHS-DE's motion on the basis that it understands the reasoning as to why the conflict would warrant UHS-DE bringing this motion.

5. Further, while the issue of scheduling is before the Court, it is requested that while the Court current treats Nos. 24-9519 & 24-9521 as separate but consolidated[1] appeals, it is in the interest of all for the Court to schedule oral argument in these matters for the same day and time.

6. As detailed in the briefing, these appeals are related. They flow from the same enforcement proceeding brought by the Secretary of Labor involving the same workplace and same alleged hazards. Both UHS-DE and Cedar Springs Hospital, through separate counsel, challenged the OSHA citations before ALJ Christopher D. Helms in the same proceeding. Judge Helms issued one written decision and order from which both UHS-DE and Cedar Springs Hospital have appealed to this Court.

7. Additionally, appellate counsel for the Secretary, Attorney Leigh Anne Schriever, intends to present oral argument for the Secretary <u>on both appeals</u>. As Attorney Schriever resides in greater Washington D.C., this as an additional reason for the Court to set oral argument on these appeals for the same day and time.

8. Having demonstrated extraordinary circumstances, UHS-DE respectfully requests that this Court postpone the May 14, 2025 oral argument in No. 24-9519. Further, it is requested that this Court schedule oral argument in

---

[1] The court consolidated these two appeals in an order issued May 14, 2024.

both Nos. 24-9519 & 24-9521 for the same day and time in the summer/fall of 2025 at the convenience of the Court.

Respectfully submitted,

*/s/ Kip J. Adams*
Kip J. Adams
**LEWIS, BRISBOIS, BISGAARD & SMITH LLP**
60 State Street, 23rd Floor
Boston, MA 02109
T: (857) 313-3950
Kip.Adams@lewisbrisbois.com
*Counsel for Petitioner-Appellant, UHS of Delaware, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2025, an electronic copy of the foregoing Motion was filed with the Clerk of the Court using the Court's CM/ECF system and service was thereby provided on all registered counsel, as well as through a courtesy email.

*/s/ Kip J. Adams*
Kip J. Adams